FILED
CLERK
3:07 pm, Jan 24, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
IMPERIUM INSURANCE COMPANY,
formerly known as Delos Insurance Company,
formerly known as Sirius America Insurance
Company,

                Plaintiff,

  -against-

AMERICAN WESTERN HOME
INSURANCE COMPANY, (pertaining to an
underlying action entitled Archstone v. Tocci
Building Corp. of N.J., Inc., et al.)

                Defendant.
----------------------------------------------------------X

**ORDER**
15-CV-5471 (SJF)(SIL)

FEUERSTEIN, District Judge:

      Pending before the Court is the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated November 18, 2016 ("the Report"), (1) recommending (a) that the motion of plaintiff Imperium Insurance Company ("plaintiff") seeking partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure declaring that the insurance policy at issue is governed by New Jersey law be granted, and (b) that New Jersey law be applied to the interpretation of the insurance policy; and (2) advising the parties, *inter alia*, (a) that "[a]ny objections to th[e] Report . . . must be filed with the Clerk of the Court within fourteen (14) days of receipt of th[e] [R]eport[,]" (Report at 14), and (b) that a "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." (*Id.*) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at * 2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). A copy of the Report was served upon counsel for both parties via ECF on November 18, 2016, (*See* Docket Entry ["DE"] 24), but

1

neither party has filed any objections to the Report, nor sought an extension of time to do so.  For the reasons stated herein, Magistrate Judge Locke's Report is accepted in its entirety.

I.  DISCUSSION

　　A.  Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo.*  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.  *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).  Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Secretary of Health and Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report."  *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

　　Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000).  "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party."  *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000);

*accord King*, 419 F. App'x at 27.

### B    Review of Report

Since neither party has filed any objections to Magistrate Judge Locke's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and judgment is entered declaring that New Jersey law applies to the interpretation of the insurance policy at issue in this case.

## II.    CONCLUSION

For the reasons set forth herein, Magistrate Judge Locke's Report is accepted in its entirety and, for the reasons set forth therein, plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and judgment is entered declaring that New Jersey law applies to the interpretation of the insurance policy at issue in this case. The status conference scheduled to be held before me on April 25, 2017 is advanced to February 15, 2017 at 11:15 a.m. in Courtroom 1010 at the Central Islip Courthouse, located at 100 Federal Plaza, Central Islip, New York 11722.

SO ORDERED.

                                                            /s/
                                      SANDRA J. FEUERSTEIN
                                      United States District Judge

Dated: January 24, 2017
       Central Islip, New York